No. 12-40382

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

JUSTIN GRIFFIN,

*Plaintiff - Appellant,*

v.

S&B ENGINEERS AND CONSTRUCTORS, LIMITED,

*Defendant - Appellee.*

---

On Appeal From the United States District Court
For the Eastern District Of Texas, Beaumont

---

**APPELLANT'S RECORD EXCERPTS**

---

1.   Civil Docket for Case #1:11-cv-00060-MAC ...........................Tab A

2.   Memorandum and Order of March 14, 2012 in
     C/A No. 1:11-cv-00060-MAC.....................................................Tab B

3.   Final Judgment of March 14, 2012 in
     C/A No. 1:11-cv-00060-MAC.....................................................Tab C

4.   Notice of Appeal in C/A No. 1:11-cv-00060-MAC.....................Tab D

Respectfully submitted,

REAUD, MORGAN & QUINN, LLP
801 Laurel Street
Post Office Box 26005
Beaumont, Texas 77720-6005
Telephone: (409)838-1000
Telecopier: (409)833-8236

*/s/ John Werner*

By:      John Werner
         Texas Bar No. 00789720
         Attorneys for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June 2012, I have served a true copy of the above and foregoing on the adverse parties by forwarding a copy of same to all opposing counsel herein:

Linda Headley
Danielle Herring
Alexis Knapp
Littler Mendelson, PC
1301 McKinney Street, Suite 1900
Houston, TX 77010
Via E-File & CM/RRR

*/s/ John Werner*
John Werner

PROTECTIVE-ORDER, APPEAL

**U.S. District Court [LIVE]**
**Eastern District of TEXAS (Beaumont)**
**CIVIL DOCKET FOR CASE #: 1:11-cv-00060-MAC**

Griffin v. S & B Engineers and Constructors, Ltd.
Assigned to: Judge Marcia A. Crone
Referred to:
Demand: $0
Lead Docket: None
Related Cases: None
Cases in other court: None
Cause: 15:5(a) Fair Labor Standards Act

Date Filed: 2/3/2011
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**Justin Griffin**

represented by **John Gerard Werner**
Reaud Morgan & Quinn LLP
801 Laurel Street
Beaumont, TX 77701
409-838-1000
Fax: 14098338236
Email: jwerner@rmqlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**S & B Engineers and Constructors,**
**Ltd.**

represented by **Linda Ottinger Headley**
Littler Mendelson
1301 McKinney St
Suite 1900
Houston, TX 77010
713/951-9400
Email: lheadley@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexis C Knapp**
Littler Mendelson - Houston
1301 McKinney St
Suite 1900
Houston, TX 77010
713-951-9400
Fax: 713-951-9212
Email: aknapp@littler.com

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U S DISTRICT COURT
EAST DISTRICT TEXAS
BY

*ATTORNEY TO BE NOTICED*

**Danielle Kujawa Herring**
Littler Mendelson - Houston
1301 McKinney St
Suite 1900
Houston, TX 77010
713/652-4735
Fax: 713/513-5964
Email: dherring@littler.com
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 2/3/2011 (p.6) | 1 | COMPLAINT against S & B Engineers and Constructors, Ltd. ( Filing fee $ 350 receipt number 0540-2872155.), filed by justin griffin. (Attachments: # (1) Civil Cover Sheet)(Werner, John) (Entered: 2/3/2011) |
| 2/3/2011 | | Case assigned to Judge Marcia A. Crone. (pkb, ) (Entered: 2/7/2011) |
| 2/7/2011 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available here by clicking on the hyperlink and is also on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice of Consent to Proceed Before Magistrate Judge*. (pkb, ) (Entered: 2/7/2011) |
| 2/9/2011 | 2 | E-GOV SEALED SUMMONS Issued as to S & B Engineers and Constructors, Ltd. and handed to pla's atty for service (aam, ) (Entered: 2/9/2011) |
| 3/8/2011 (p.13) | 3 | *Defendant's Original* ANSWER to [1] Complaint by S & B Engineers and Constructors, Ltd..(Headley, Linda) (Entered: 3/8/2011) |
| 3/8/2011 (p.20) | 4 | CORPORATE DISCLOSURE STATEMENT filed by S & B Engineers and Constructors, Ltd. (Headley, Linda) (Entered: 3/8/2011) |
| 3/9/2011 (p.22) | 5 | ORDER to Conduct Rule 26(f) Conference with a proposed Scheduling Order. Signed by Judge Marcia A. Crone on 3/9/11. (mrp, ) (Entered: 3/9/2011) |
| 3/9/2011 | 6 | E-GOV SEALED SUMMONS Returned Executed by Justin Griffin. S & B Engineers and Constructors, Ltd. served on 2/15/2011, answer due 3/8/2011. (mrp, ) (Entered: 3/11/2011) |
| 4/21/2011 (p.27) | 7 | REPORT of Rule 26(f) Planning Meeting. (Herring, Danielle) (Entered: 4/21/2011) |
| 4/25/2011 | | |

| | | |
|---|---|---|
| | | NOTICE of Hearing: Status Conference set for 5/11/2011 10:30 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 4/25/2011) |
| 4/25/2011 | | NOTICE of Hearing: Status Conference rescheduled for 5/12/2011 02:00 PM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 4/25/2011) |
| 4/27/2011 | | NOTICE of Hearing: Status Conference rescheduled for 6/3/2011 10:30 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 4/27/2011) |
| 6/3/2011 (p.34) | 8 | Minute Entry for proceedings held before Judge Marcia A. Crone: Scheduling Conference held on 6/3/2011. Counsel convened to inform the court of the facts and issues in the Fair Labor Standards Act action. The court and counsel agreed to a scheduling order which will govern all future proceedings.Signed at Beaumont, Tx, this 3rd day of June, 2011 by Judge Marcia A. Crone. (mrp, ) (Entered: 6/6/2011) |
| 6/3/2011 (p.36) | 9 | SCHEDULING ORDER: Final Status Conference is set for 12/7/2012 at 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Amended Pleadings due by 3/15/2012. Discovery due by 7/16/2012. Motions due by 8/11/2012. Signed by Judge Marcia A. Crone on 6/3/11. (mrp, ) (Entered: 6/6/2011) |
| 6/3/2011 (p.37) | 10 | ORDER. All discovery pertaining to the applicability of the Fair Labor Standard Act and Portal-to-Portal Act shall be completed by 9/30/11. Motions regarding the aforementioned issues shall be filed by 10/31/11. Signed by Judge Marcia A. Crone on6/3/11. (mrp, ) (Entered: 6/6/2011) |
| 7/20/2011 (p.38) | 11 | DEMAND for Trial by Jury by Justin Griffin. (Werner, John) (Entered: 7/20/2011) |
| 7/25/2011 (p.39) | 12 | MOTION for Leave to File *First Amended Collective Action Complaint* by Justin Griffin. (Attachments: # (1) Text of Proposed Order)(Werner, John) (Entered: 7/25/2011) |
| 7/25/2011 (p.42) | 13 | AMENDED COMPLAINT *(First)* against S & B Engineers and Constructors, Ltd., filed by Justin Griffin.(Werner, John) (Entered: 7/25/2011) |
| 7/26/2011 (p.47) | 14 | ORDER granting [12] Motion for Leave to File First Amended Collective Action Complaint. Signed by Judge Marcia A. Crone on 7/26/11. (pkb, ) (Entered: 7/26/2011) |
| 7/29/2011 (p.48) | 15 | NOTICE of Attorney Appearance by Danielle Kujawa Herring on behalf of S & B Engineers and Constructors, Ltd. (Herring, Danielle) (Entered: 7/29/2011) |
| 8/9/2011 (p.50) | 16 | ANSWER to [13] Amended Complaint by S & B Engineers and Constructors, Ltd..(Herring, Danielle) (Entered: 8/9/2011) |
| 9/2/2011 (p.57) | 17 | Agreed MOTION for Protective Order by Justin Griffin, S & B Engineers and Constructors, Ltd.. (Attachments: # (1) Text of Proposed Order)(Headley, Linda) (Entered: 9/2/2011) |

| 9/12/2011 (p.66) | 18 | ORDER granting [17] Motion for Entry of Protective Order. Signed by Judge Marcia A. Crone on 9/12/11. (mrp, ) (Entered: 9/13/2011) |
|---|---|---|
| 9/12/2011 (p.67) | 19 | AGREED PROTECTIVE ORDER. Signed by Judge Marcia A. Crone on 9/12/11. (mrp, ) (Entered: 9/13/2011) |
| 10/10/2011 (p.73) | 20 | MOTION for Protective Order *30(b)(6) Non-Party Corporate Designee* by Motiva Enterprises LLC. (Attachments: # (1) Exhibit 1, # (2) Text of Proposed Order)(Carroll, Jack) (Entered: 10/10/2011) |
| 10/13/2011 (p.86) | 21 | MOTION for Leave to File *Cross Motion for Partial Summary Judgment Contemporaneously With Response to Motion For Summary Judgment Regarding Portal-To-Portal Act* by Justin Griffin. (Attachments: # (1) Text of Proposed Order)(Werner, John) (Entered: 10/13/2011) |
| 10/21/2011 (p.90) | 22 | ORDER denying [21] Motion for Leave to File Cross-Motion for Partial Summary Judgment Contemporaneously with Response to Motion for Summary Judgment Regarding Portal-to-Portal Act. Signed by Judge Marcia A. Crone on 10/21/11. (mrp, ) (Entered: 10/21/2011) |
| 10/31/2011 (p.91) | 23 | MOTION for Partial Summary Judgment *Regarding Portal-To-Portal Act* by Justin Griffin. (Attachments: # (1) Exhibit A - Part 1, # (2) Exhibit A - Part 2, # (3) Exhibit B, # (4) Exhibit C, # (5) Exhibit D, # (6) Exhibit E, # (7) Exhibit F, # (8) Text of Proposed Order)(Werner, John) (Entered: 10/31/2011) |
| 10/31/2011 (p.438) | 24 | MOTION for Summary Judgment by S & B Engineers and Constructors, Ltd.. (Attachments: # (1) Appx, # (2) Exh A, # (3) Exh B, # (4) Exh C, # (5) Exh D, # (6) Exh E, # (7) Exh F, # (8) Exh G, # (9) Exh H, # (10) Exh I, # (11) Exh J, # (12) Exh K, # (13) Exh L)(Herring, Danielle) # (14) Proposed Order) (mrp, ). Modified on 11/1/2011 (mrp, ). (Entered: 10/31/2011) |
| 11/17/2011 (p.538) | 25 | RESPONSE to Motion re [23] MOTION for Partial Summary Judgment *Regarding Portal-To-Portal Act filed by Justin Griffin.* (Attachments: # (1) Exhibit A, # (2) Exhibit A, # (3) Exhibit A, # (4) Exhibit B, # (5) Exhibit C, # (6) Exhibit D, # (7) Exhibit E, # (8) Exhibit F)(Werner, John) Modified on 11/18/2011 (tkd, ). (Entered: 11/17/2011) |
| 11/17/2011 (p.892) | 26 | RESPONSE to Motion re [23] MOTION for Partial Summary Judgment *Regarding Portal-To-Portal Act filed by S & B Engineers and Constructors, Ltd..* (Attachments: # (1) Exhibit A, # (2) Text of Proposed Order)(Knapp, Alexis) (Entered: 11/17/2011) |
| 11/21/2011 (p.922) | 27 | APPENDIX A to [26] Response to plaintiff's motion for partial summary judgment regarding portal-to-portal act by S&B Engineers and Constructors Ltd (Knapp, Alexis) Modified on 11/22/2011 (bjc, ). (Entered: 11/21/2011) |
| 11/28/2011 (p.926) | 28 | REPLY to Response to Motion re [24] MOTION for Summary Judgment *filed by S & B Engineers and Constructors, Ltd..* (Attachments: # (1) Exhibit 1)(Knapp, Alexis) (Entered: 11/28/2011) |
|  | 29 |  |

| | | |
|---|---|---|
| 3/15/2012 (p.946) | | MEMORANDUM AND ORDER denying [23] Griffin's Motion for Partial Summary Judgment and granting [24] S & B's Motion for Summary Judgment. Griffin and other employees' time spent on the bus is ordinary home-to-work travel and not compensable under the FLSA. There remain no material facts in dispute, and S & B is entitled to judgment as a matter of law. Signed by Judge Marcia A. Crone on 3/14/12. (mrp, ) (Entered: 3/15/2012) |
| 3/15/2012 (p.968) | 30 | FINAL JUDGMENT. Summary Judgment is granted in favor of Defendant S & B Engineers and Constructors, Ltd. with respect to Plaintiff Justin Griffin's action asserting claims under the Fair Labor Standards Act. Plaintiff shall take nothing by his suit. This is a Final Judgment. Signed by Judge Marcia A. Crone on 3/14/12. (mrp, ) (Entered: 3/15/2012) |
| 4/10/2012 (p.969) | 31 | NOTICE OF APPEAL as to [30] Final Judgment, by Justin Griffin. Filing fee $ 455, receipt number 0540-3533827. (Werner, John) Modified on 4/10/2012 (dlc, ). (Entered: 4/10/2012) |
| 4/16/2012 (p.970) | 32 | NOTICE of Docketing Record on Appeal from USCA re [31] Notice of Appeal filed by Justin Griffin. USCA Case Number 12-40382 (dlc, ) (Entered: 4/16/2012) |
| 4/18/2012 | | NOTICE of certification of record on appeal provided to 5th Circuit Court of Appeals. (dlc, ) (Entered: 4/18/2012) |

| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| JUSTIN GRIFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:11-CV-60 |
| | § | |
| S & B ENGINEERS AND | § | |
| CONSTRUCTORS, LTD., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the court are Defendant S & B Engineers and Constructors, Ltd.'s ("S & B") Motion for Complete Summary Judgment (#24) and Plaintiff Justin Griffin's ("Griffin") Motion for Partial Summary Judgment Regarding Portal-to-Portal Act (#23). Both parties move for summary judgment on whether time spent while traveling by bus to and from the worksite is compensable under the Fair Labor Standards Act ("FLSA") and the Portal-to-Portal Act. Having reviewed the pending motions, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that summary judgment in favor of S & B is warranted.

I.     Background

Griffin was employed by S & B as a journeyman electrician from December 20, 2010, to January 6, 2011, when he resigned to pursue other employment. As a journeyman electrician, Griffin's duties included running cable tray, pipe, and conduit; pulling wire; performing other electrical work; and completing the requisite paperwork. S & B provides engineering and construction services to Motiva Enterprises L.L.C. ("Motiva") at the Motiva Port Arthur Crude Expansion Project ("Motiva project" or "Motiva facility") in Port Arthur, Texas. The Motiva

project is a highly-secured facility, in which employees are required to swipe a badge when entering or exiting.  The facility houses thousands of employees who work for various companies.

In May 2012, S & B began requiring certain employees to ride buses provided by S & B from a designated parking lot off campus to and from the Motiva facility.[1]  S & B manual-labor and office-staff hourly employees are required to park at the lot, which is located six or seven miles from the Motiva facility, and board a bus by 6:30 a.m. in order to be considered "on time" for their shifts starting at 7:00 a.m.  An employee who is not ready to board the bus by 6:45 a.m. is not permitted to work that day.  Higher-ranking employees, such as supervisory personnel, are permitted to park on-site at the Motiva facility.  S & B does not compensate employees for time spent traveling.

Moreover, while riding the bus, employees must abide by the rules in place at the Motiva facility, which prohibit the use of cell phones and smoking.  Indeed, S & B monitors and has, on some occasions, disciplined employees for actions taken while on the bus.  Griffin performed no tasks prior to or during the bus rides, nor did S & B provide any instructions, job-related or otherwise, to Griffin or other employees while on the bus.

In his Amended Complaint, filed July 25, 2011, Griffin alleges that S & B's policy of requiring employees to travel by bus to and from the Motiva facility without compensation violates

---

[1] Griffin disputes the motives behind instituting this practice and whether Motiva required S & B to establish the busing system and policy.  He argues that Bechtel Jacobs, the Managing Contractor of the Motiva Project, also referred to as the Joint Venture ("JV"), asked S & B to provide the busing.  Griffin further states that the parameters of the busing system were not mandated by Motiva or any governmental agency, aside from OSHA's requirement that there be an access control system in place at the remote site. These facts, along with how S & B's busing plan was eventually implemented, however, are not germane. The material fact—that Griffin was required to ride the provided buses—is not in dispute. As discussed in Part II.C.3 *supra*, the commercial benefit, if any, received by S & B through the busing system does not bear on the court's decision.

2

USCA5 947

the FLSA. He contends that the mandatory busing policy coupled with the restrictions on certain activities renders the Portal-to-Portal Act, which exempts certain travel time and activities from being compensated under the FLSA, inapplicable in this case.

On June 3, 2011, the court divided this case into two phases. The first phase pertains to whether time spent while traveling by bus is compensable or, in other words, whether the Portal-to-Portal Act precludes recovery by Griffin. The motions for summary judgment and partial summary judgment currently pending are the result of discovery completed during Phase I. All other issues were reserved for Phase II discovery. Thus, the sole question before the court is whether Griffin's time spent while traveling by bus to and from the Motiva facility is compensable under the FLSA.

II.    Analysis

A.    Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which the party believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

3

"A fact is material only if its resolution would affect the outcome of the action . . . ." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *accord Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010); *Wiley*, 585 F.3d at 210; *EMCASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006); *Cooper Tire & Rubber Co.*, 423 F.3d at 454. The moving party, however, need not negate the elements of the nonmovant's case. *See Bayle*, 615 F.3d at 355; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *Millennium Petrochemicals, Inc. v. Brown & Root Holdings, Inc.*, 390 F.3d 336, 339 (5th Cir. 2004).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3 (quoting FED. R. CIV. P. 56(e)); *Anderson*, 477 U.S. at 256; *Bayle*, 615 F.3d at 355; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson*

*Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see Riverwood Int'l Corp. v. Emp'rs Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009); *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in his or its favor. *Groh v. Ramirez*, 540 U.S. 551, 562 (2004) (citing *Anderson*, 477 U.S. at 255); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 258 (5th Cir. 2009); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004); *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, at 412 (5th Cir. 2003).

Furthermore, "only reasonable inferences in favor of the nonmoving party can be drawn from the evidence." *Mills v. Warner-Lambert Co.*, 581 F. Supp. 2d 772, 779 (E.D. Tex. 2008) (citing *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992)). "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Eastman Kodak Co.*, 504 U.S. at 468-69; *accord Shelter Mut. Ins. Co. v. Simmons*, 543 F. Supp. 2d 582, 584-85 (S.D. Miss.), *aff'd*, 293 F. App'x 273 (5th Cir. 2008). The nonmovant's burden is not satisfied by "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,'" by speculation, by the mere existence of some alleged factual dispute, or "by only a 'scintilla' of evidence." *Little*, 37 F.3d at 1075 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Matsushita*

*Elec. Indus. Co.*, 475 U.S. at 586; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)); *accord Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 294-95 (5th Cir. 2007); *Warfield*, 436 F.3d at 557; *Boudreaux*, 402 F.3d at 540. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 541; *accord RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002); *see Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004).

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to that party's case on which the party bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). "[W]here the nonmoving party fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, no genuine issue of material fact can exist." *Apache Corp. v. W&T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir. 2010). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

A party may move for summary judgment without regard to whether the movant is a claimant or a defending party. *See Apache Corp.*, 626 F.3d at 794 (considering cross-motions for summary judgment); *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 272 (5th Cir. 2009)

6

(same).  On cross-motions for summary judgment, the court examines each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.  *White Buffalo Ventures, LLC v. Univ. of Tex. at Austin*, 420 F.3d 366, 370 (5th Cir. 2005); *accord Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).  Cross-motions for summary judgment will not, in and of themselves, warrant the granting of summary judgment unless one of the parties is entitled to judgment as a matter of law.  *Joplin v. Bias*, 631 F.2d 1235, 1237 (5th Cir. 1980); *Bricklayers, Masons, & Plasterers Int'l Union of Am. v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975).  The rationale for this rule is that each party may move for summary judgment using different legal theories that rely upon different sets of material facts.  *Bricklayers, Masons, & Plasterers Int'l Union of Am.*, 512 F.2d at 1023.  Nonetheless, cross-motions for summary judgment may be probative of the absence of a factual dispute when they reveal a basic agreement concerning what legal theories and material facts are dispositive.  *See id.*; *Schlytter v. Baker*, 580 F.2d 848, 849-50 (5th Cir. 1978).

> B.    The FLSA and the Portal-to-Portal Act

"In 1938 Congress enacted the FLSA as a means of regulating minimum wages, maximum working hours, and child labor in industries that affected interstate commerce."  *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1024 (5th Cir. 1993) (citing 29 U.S.C. § 202); *see also Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 407 (5th Cir. 2010); *Rodriguez v. Twp. of Holiday Lakes*, 866 F. Supp. 1012, 1017 (S.D. Tex. 1994) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947)).  The Act created minimum protections for individual workers to ensure that each employee would receive "'"[a] fair day's pay for a fair day's work"'" and would be protected from 'the evil of "overwork" as well as "underpay."'"  *Barrentine v.*

*Ark.-Best Freight Sys., Inc.* ("*Barrentine I*"), 450 U.S. 728, 739 (1981) (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942) (quoting 81 CONG. REC. 4983 (1937) (message of President Roosevelt))); *see also Belt v. EmCare, Inc.*, 444 F.3d 403, 417 (5th Cir.), *cert. denied*, 549 U.S. 826 (2006).   Minimum wage and overtime requirements are the two central themes of the Act.  *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 515 (E.D. Tex. 2005); *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 889-90 (E.D. Tex. 1997) (quoting *Arnold v. Arkansas*, 910 F. Supp. 1385, 1392 (E.D. Ark. 1995)).

In order to "clarify the duties of employers concerning compensating employees for incidental activities that constitute work but which occur before, after, or during the work shift," Congress passed the Portal-to-Portal Act in 1947.  *Anderson v. Pilgrim's Pride Corp.*, 147 F. Supp. 2d 556, 562 (E.D. Tex. 2001), *aff'd*, 44 F. App'x 652 (5th Cir. 2002); *see* 29 U.S.C. § 254; *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 397 (5th Cir. 1976); *Karr v. City of Beaumont*, 950 F. Supp. 1317, 1322 (E.D. Tex. 1997).   The Portal-to-Portal Act provides, in relevant part:

> [N]o employer shall be subject to any liability or punishment under the [FLSA] . . . on account of the failure of such employer to pay an employee minimum wages, or . . . overtime compensation, for or on account of any of the following activities . . .
>
> (1)  walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2)  activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

8

29 U.S.C. § 254(a).

The legislative history and administrative interpretations of the Portal-to-Portal Act indicate that the phrase "'activity or activities' was used to dispel the notion that any activities not inextricably tied to a single predominant principal activity could be considered noncompensable." *Dunlop*, 527 F.2d at 397-98. For purposes of the Portal-to-Portal Act, an employee may be engaged in many "principal activities[,]" which include "any work of consequence performed for an employer, no matter when the work is performed." *Id.*; *accord Lindow v. United States*, 738 F.2d 1057, 1061 (9th Cir. 1984) (quoting 29 C.F.R. § 790.8(a)). An activity is considered "principal" if it is "'an integral and indispensable part of the principal activities for which [the employee is] employed.'" *IBP, Inc. v. Alvarez*, 546 U.S. 21, 30 (2005) (quoting *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956)); *accord Bienkowski v. Ne. Univ.*, 285 F.3d 138, 141 (1st Cir. 2002); *Dunlop*, 527 F.2d at 399; *Pilgrim's Pride Corp.*, 147 F. Supp. 2d at 562-63.

The United States Court of Appeals for the Fifth Circuit has held that the test to determine which activities are "integral and indispensable," and, thus, "principal," is "whether [the activities] are performed as part of the regular work of the employees in the ordinary course of business." *Dunlop*, 527 F.2d at 400-01; *accord Vega v. Gasper*, 36 F.3d 417, 424 (5th Cir. 1994); *Karr*, 950 F. Supp. at 1322. "[W]hat is important is that such work is necessary to the business and is performed by the employees, primarily for the benefit of the employer, in the ordinary course of that business." *Dunlop*, 527 F.2d at 401; *accord Vega*, 36 F.3d at 424; *Karr*, 950 F. Supp. at 1322.

Although many factors contribute to whether travel time falls under the Portal-to-Portal Act, courts have established the outer limits of compensability. First, "[o]rdinary home-to-work

9

travel is clearly not compensable under the Portal-to-Portal Act . . . ." *Vega*, 36 F.3d at 424. To

that end, the Wage and Hour Division of the United States Department of Labor has promulgated

federal regulations, which expressly state that ordinary home-to-work travel is not considered

worktime and is not compensable. 29 C.F.R. § 785.35; *accord Smith v. Aztec Well Servicing Co.*,

462 F.3d 1274, 1286 n.3 (10th Cir. 2006); *Kavanagh v. Grand Union Co.*, 192 F.3d 269, 272 (2d

Cir. 1999); *Imada v. City of Hercules*, 138 F.3d 1294, 1296 (9th Cir. 1998); *Vega*, 36 F.3d at

424.

> An employee who travels from home before his regular workday and returns to his home at the end of the workday is engaged in ordinary home to work travel which is a normal incident of employment. This is true whether he works at a fixed location or at different job sites. Normal travel from home to work is not worktime.

29 C.F.R. § 785.35; *accord Smith*, 462 F.3d at 1286 n.3; *Kavanagh*, 192 F.3d at 272; *Vega*, 36

F.3d at 424. Accordingly, home-to-work travel that is "'a contemplated, normal occurrence'" of

the employment is viewed as "normal travel" under the regulation. *Smith*, 462 F.3d at 1286 n.3

(quoting *Kavanagh*, 192 F.3d at 273). To elaborate on the type of travel considered

noncompensable, the Department of Labor has also provided the following interpretive statement:

> Examples of walking, riding, or traveling which may be performed outside the workday and would normally be considered "preliminary" or "postliminary" activities are (1) walking or riding by an employee between the plant gate and the employee's lathe, workbench or other actual place of performance of his principal activity or activities; (2) riding on buses between a town and an outlying mine or factory where the employee is employed; and (3) riding on buses or trains from a logging camp to a particular site at which the logging operations are actually being conducted.

29 C.F.R. § 790.7(f); *see Vega*, 36 F.3d at 424; *Bonilla v. Baker Concrete Constr., Inc.*, 487

F.3d 1340, 1342-43 (11th Cir.), *cert. denied*, 552 U.S. 1077 (2007) (explaining that the

Department of Labor's interpretive statement should be given due deference).

10

In contrast, "[t]ravel that is an indispensable part of performing one's job is a principal

activity and is compensable." *Vega*, 36 F.3d at 424.  As the Fifth Circuit explained in *Vega*:

> "Where an employee is required to report at a meeting place to receive instructions *or* to perform other work there, or to pick up and to carry tools, the travel from the designated place to the workplace is part of the day's work, and must be counted . . . ."  Travel between sites or from the last site to the office is compensable, but not travel from the last site home.

*Id.* at 425 (citation omitted) (emphasis in original) (quoting 29 C.F.R. § 785.38).  Under the

"continuous workday," or "whistle to whistle," rule, the workday is defined as "'the period

between the commencement and completion on the same workday of an employee's principal

activity or activities.'" *Alvarez*, 546 U.S. at 36 (quoting 29 C.F.R. § 790.6(b)).  Consequently,

when an employee is required to report to a designated meeting place to perform a principal

activity, as described in the regulation, the start of the workday is triggered at the meeting place,

and subsequent travel is "travel that is all in the day's work." 29 C.F.R. § 785.38; *accord Vega*,

36 F.3d at 425 (quoting *Dole v. Enduro Plumbing, Inc.*, No. 88-7041, 1990 WL 252270, at *5

(C.D. Cal. Oct. 16, 1990)); *see Burton v. Hillsborough Cnty.*, 181 F. App'x 829, 834-35 (11th

Cir.), *cert. denied*, 549 U.S. 1019 (2006) (holding travel time compensable where county workers

were required to report to a county-owned site to pick up necessary equipment); *Dole*, 1990 WL

252270, at *5-6 (awarding compensation to plumbers required to load tools from designated

location prior to traveling to the job site).  Moreover, "[a]ny work which an employee is required

to perform while traveling must, of course, be counted as hours worked." 29 C.F.R. § 785.41;

*accord Smith*, 462 F.3d at 1290; *Aiken v. City of Memphis*, 190 F.3d 753, 758 (6th Cir. 1999),

*cert. denied*, 528 U.S. 1157 (2000); *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 651 (2d Cir.

1995).

11

Accordingly, the compensability of the travel time in the instant case hinges on whether Griffin was "merely traveling to his 'actual place of performance of the principal activit[ies]' before beginning any work activity" or if, by riding the bus, he was engaging in an activity that was integral and indispensable to his principal activities. *Bonilla*, 487 F.3d at 1342 (quoting § 254(a)(1)). In other words, the court must determine whether Griffin's travel time "is a compensable principal activity or a noncompensable preliminary or postliminary activity," while recognizing that ordinary home-to-work travel is not compensable. *Vega*, 36 F.3d at 424.

Griffin raises three arguments in support of his position that the travel time should be considered a compensable principal activity and not ordinary home-to-work travel: (1) the busing system was mandatory; (2) the employees were subject to rules that, if disobeyed, could result in the employee being disciplined; and (3) the *Dunlop* factors for determining whether an activity is integral and indispensable are satisfied.

### 1.   Required Travel on Employer Buses

Contrary to Griffin's assertion, his travel time is not compensable solely because S & B required its employees to travel by bus to the worksite. In support of his contentions, Griffin cites *Vega* and *Johnson v. RGIS Inventory Specialist*, a prior decision of this court. These authorities, however, are not directly on point.

In *Vega*, seasonal farm workers sought to recover wages for time they spent traveling from a designated pickup point to the chili pepper fields in which they worked. 36 F.3d at 422-23. The workers furnished their own transportation from their homes to a pickup point in El Paso, Texas, where they met a bus that transported them to the fields approximately two-and-one-half hours from El Paso. *Id.* at 423. During the bus ride, the workers were told which field they would pick

that day and the applicable pay rate. *Id.* at 425. The Fifth Circuit held that the travel was simply

an extended home-to-work-and-back commute because the workers performed no work prior to

or while riding the bus and the use of the employer's buses was completely voluntary. *Id.*

Similarly, in *Johnson*, this court held that auditors' time spent riding in company

transportation from a meet site to the job site and back was noncompensable. 554 F. Supp. 2d

693, 704-05 (E.D. Tex. 2007). Specifically, the court considered the optional nature of the use

of the company transportation, *inter alia*, to determine that the time was ordinary home-to-work

travel. *Id.*

Even though the voluntariness of the bus rides was considered in *Vega* and *Johnson*, this

fact was not outcome-determinative. Rather, the courts examined the overall nature of the time

spent on the bus to determine that the time was ordinary home-to-work-and-back travel.[2] *See*

*Vega*, 36 F.3d at 425; *Johnson*, 554 F. Supp. 2d at 704-05 (explaining that the auditors were not

required to transport equipment, receive instruction, or perform other work). Therefore, it is

unclear whether required travel by employer transportation alone renders time compensable under

Fifth Circuit precedent.

Other Courts of Appeals' decisions addressing similar facts, however, are instructive on

this issue. In *Bonilla v. Baker Concrete Constr., Inc.*, the Eleventh Circuit examined whether the

time that construction workers spent traveling by bus or van from a satellite parking lot to their

---

[2] Griffin relies on two additional cases that he argues support the notion that mandatory travel is compensable. Two of these cases, however, are based on state law, and the courts specifically note that their holding are based on state jurisprudence rather than federal law. *See Morillon v. Royal Packing Co.*, 995 P.2d 139, 147-51 (Cal. 2000) (devoting an entire section to distinguishing federal authority from the state law at issue and recognizing the state wage laws' departure from the FLSA and Portal-to-Portal Act); *Hyman v. Efficiency, Inc.*, 605 S.E.2d 254, 256 (N.C. 2004) (explaining that the case was remanded to state court because the employee's "claims were based solely under substantive state law").

13

worksite at the airport was compensable. 487 F.3d at 1341. The construction workers brought suit against their employer, a subcontractor at Miami International Airport. *Id.* For the workers to reach their worksites, they were required to pass through security and ride the lead contractor's authorized buses or vans. *Id.* The employer "provided free buses or vans to transport [the workers] from the free employee parking lot to the security gate and on through to each of the separate worksites." *Id.* Use of the parking lot and free buses was optional, but the employees were required to travel by authorized vehicles from the security gate to the individual worksites. The employees did not perform any labor, nor did they receive any instructions from their supervisors while riding the vehicles. *Id.* Although it was disputed whether the employees were required to carry their personal safety gear on the buses, the Eleventh Circuit found this immaterial to the analysis. *Id.* The court held that the travel time to the worksite fell within § 254(a)(1) and that 29 C.F.R. § 790.7 spoke directly to the "question of transportation to and from the work site." *Id.* at 1343. The court observed that "[t]he fact that the workers were required to ride authorized transportation . . . is not relevant to the outcome of this case *because even mandatory travel time is exempted from compensation under the Portal-to-Portal Act.*" *Id.* (emphasis added).

Finally, the Tenth Circuit reached a similar conclusion in *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274 (10th Cir. 2006). In *Smith*, the employer was a natural gas and oil well servicing company hired to drill new wells and to service existing wells. *Id.* at 1280. For each shift, a crew of workers met at a designated location and traveled between thirty minutes and three-and-one-half hours to the well site. *Id.* Although carpooling to the well site was officially voluntary, the employer strongly encouraged its employees to ride together for logistical reasons,

14

such as limited parking. *Id.* at 1280-81. Prior to departing the meet site, the workers loaded their personal safety gear into the vehicle and occasionally brought along paperwork or other equipment as a favor to the tool pusher, who was stationed at the well site. *Id.* at 1281. The crew members usually spent at least some of their travel time discussing work-related matters, but they were generally free to use the time as they wished, often eating, reading, or sleeping. *Id.* Under the facts and evidence presented, the Tenth Circuit held that the travel was not integral and indispensable to the workers' principal activities but instead fell within the Portal-to-Portal Act, thus rendering the activities noncompensable. *Id.* at 1288-90. Assuming that the employees had proven that the time was *de facto* required, the court maintained that "employers are not required to compensate their employees for time spent 'traveling to and from' the place of their principal activities, and nothing in the [Portal-to-Portal Act] indicates that there is a *per se* exception for employees just because they must travel with their co-workers." *Id.* at 1288.

Although *Vega* and *Johnson* offer guidance, *Smith* and *Bonilla* stand for the proposition that mandatory travel to a worksite is not necessarily compensable under the FLSA. Like the construction workers in *Bonilla*, Griffin was required to ride employer-provided buses to the worksite. Because the facts in *Bonilla* are analogous to the instant case, it follows that Griffin's time spent traveling should be considered exempt from compensation under the FLSA. Moreover, the Tenth Circuit in *Smith* averred that the language of § 254(a)(1) was to be applied strictly and that requiring a certain mode of transportation does not transform the period spent traveling into compensable travel time. Accordingly, Griffin's travel time is not compensable solely because S & B required its employees to travel by bus. *See Bonilla*, 487 F.3d at 1343; *Smith*, 462 F.3d at 1288-90.

15

2.    Applicability of Plant Rules and Discipline while Riding the Bus

Next, Griffin asserts that being required to abide by rules prohibiting smoking and cell phone use while on the bus makes this time compensable.  The parties have not cited and the court has failed to unearth any case finding time compensable where employees were subject to certain rules or restrictions while traveling.  On the contrary, the Tenth Circuit in *Smith* stated that "[a] restriction imposed on the manner in which the plaintiffs can travel to and from their workplace is relevant only if it shows that their travel time was integral and indispensable to their principal activities."  *Smith*, 462 F.3d at 1288.  Unless the restrictions were established to enable the employees to focus on planning or preparing to perform their principal activities upon arrival at the job site, the rules bear no weight in determining whether the time is compensable.  *See Smith*, 462 F.3d at 1288 (holding that unless the employer required carpooling to allow employees to conduct planning and preparation work, the time was not integral and indispensable to the employees' principal activities, but rather related to "the logistics of commuting").  Here, the rules were not connected or related to Griffin's electrician activities or duties.  Even though examining an employer's motives for imposing restrictions is unnecessary, it should be noted that the rules in force here are reasonable.  First, prohibiting smoking on the buses shared by fellow commuters is not only a reasonable, but an appropriate, request.  Second, S & B regulates cell phone use on the buses to conform with the rules in place at the Motiva facility, which prohibit phones with cameras, and to maintain a distraction-free environment for the driver.  Thus, the rules placed on S & B employees are not only few in number, but also so marginally restrictive, that they cannot be said to transform ordinary home-to-work travel into compensable time.  *See Adams v. United States*, 471 F.3d 1321, 1327-28 (Fed. Cir. 2006), *cert. denied*, 552 U.S. 1096

16

(2008) (finding police officers' commuting time in government-owned police vehicles noncompensable even though they were required to have their weapons and law enforcement-related equipment, monitor their vehicle's equipment, and were prohibited from conducting personal errands).

As these cases make clear, even though Griffin's travel is required and restricted somewhat by S & B, the time spent can be attributed to the "logistics of commuting," which is not a principal activity. *See Smith,* 462 F.3d at 1288; *accord Johnson,* 554 F. Supp. 2d at 705 ("Even if use of the transportation was strongly encouraged by [employer], this was related to business and commuting logistics rather than the [employees'] principal activities.").

### 3.    *Dunlop* Factors

Finally, Griffin argues that the application of the factors announced in *Dunlop* renders the time compensable. In *Dunlop,* the Fifth Circuit stated that the important inquiry is whether the work "is necessary to the business and is performed by the employees, primarily for the benefit of the employer, in the ordinary course of that business." 527 F.2d at 401. The court also averred that activities excluded from the FLSA are those that are "undertaken 'for (the employees') own convenience, not being required by the employer and not being necessary for the performance of their duties for the employer.'" *Id.* at 398. The Eleventh Circuit adapted this analysis into a three-part test: "(1) whether the activity was required by the employer, (2) whether the activity is necessary for the employee to perform his or her duties, and (3) whether the activity primarily benefits the employer." *Bonilla,* 487 F.3d at 1344 (citing *Dunlop,* 527 F.2d at 401).[3]

---

[3] Other Courts of Appeals have recognized and adopted a similar test. *See Franklin v. Kellogg Co.,* 619 F.3d 604, 620 (6th Cir. 2010); *Perez v. Mountaire Farms, Inc.,* 650 F.3d 350, 365 (4th Cir. 2011).

USCA5 962

Griffin cites this test and argues that the time is compensable because the activity: (1) was required by S & B, (2) was necessary for the employee to perform his or her duties, and (3) primarily benefitted the employer. S & B responds that an analysis under these factors is unnecessary in this instance because the rule applies only when determining whether an activity is preliminary or postliminary under § 254(a)(2). It further contends that the time spent traveling in this case is exempted plainly under § 254(a)(1) as ordinary travel to and from the place of performance; thus, the court need not decide if the activity is a principal activity under § 254(a)(2). It is evident, however, that the subsections are not separate and distinct, but together delineate those activities considered noncompensable under the FLSA. *See* 29 C.F.R. § 790.7(f) (describing types of travel time that are normally considered preliminary or postliminary activities); *Vega*, 36 F.3d at 425 (considering travel time both "an extended ordinary home-to-work-and-back commute" and "a noncompensable preliminary and postliminary activity").

Nevertheless, the propriety of applying the *Dunlop* factors in this case is unclear. *Dunlop* was not a case about travel time but whether duties performed in preparation to begin the work day were considered preliminary or principal activities. *See Dunlop*, 527 F.2d at 396-97; *see also Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 432 (E.D. La. 2005) (recognizing *Dunlop* as controlling Fifth Circuit precedent regarding administrative, not travel, time). Some courts have applied the language in *Dunlop* to determine whether certain administrative activities are integral and indispensable or are merely preliminary/postliminary activities, while omitting the language from its analysis of travel time under § 254(a)(1). *See, e.g., Bonilla*, 487 F.3d at 1342-44 (applying test developed from *Dunlop* to time spent during security screening but not to time spent on bus to airport). Others have quoted the rule in defining a "principal activity," but neglected

18

to specifically apply the factors to the given facts. *See Vega*, 36 F.3d at 424; *Smith*, 462 F.3d at 1290.

Even assuming a strict application of the *Dunlop* factors is necessary, Griffin's time appears noncompensable. As discussed above, the fact that traveling by bus was required does not change the nature of the time under the FLSA and the Portal-to-Portal Act. *See Bonilla*, 487 F.3d at 1343; *Dolan v. Project Constr. Corp.*, 558 F. Supp. 1308, 1309-11 (D. Colo. 1983) (holding that electricians' required travel on employer-provided buses to worksite was noncompensable). Further, other courts have held that merely traveling or commuting does not confer a benefit on the employer because it does not relate to the duties the employee was hired to perform. *See Hodge v. Lear Siegler Servs., Inc.*, No. CV 06-263, 2008 WL 2397674, at *11 (D. Idaho June 9, 2008) (holding no benefit conferred upon employer by employees' riding of vans to the worksite);[4] *Mossbauer v. United States*, 541 F.2d 823, 826 (9th Cir. 1976) (holding commute time noncompensable because the employee "did nothing during the commute that was integral to the performance of his duties or that conferred a benefit on his employer"). Griffin maintains that the busing system confers a commercial benefit upon S & B because S & B: 1) does not bear any of the costs associated with the system; and (2) participated in the implementation and coordination of the system only to the extent it chose to for business purposes. Assuming *arguendo* that these reasons establish that the busing system primarily benefitted S & B, commuting done for the employer's benefit is nonetheless not compensable. *See Adams*, 471 F.3d at 1328 ("[C]ommuting done for the employer's benefit, under the employer's rules, is

---

[4] Although the court in *Hodge* held the Portal-to-Portal Act inapplicable to the given facts, the court engaged in a thorough analysis determining that, even if applicable, the time would not be compensable under the Act. *Hodge*, 2008 WL 2397674, at *8-10.

noncompensable if the labor beyond the mere act of driving the vehicle is *de minimis*.") (citing

*Bobo v. United States*, 136 F.3d 1465 (Fed. Cir. 1998)).

Griffin contends that riding the bus was necessary, beyond the fact that performance

demands physical presence, because missing the last bus at 6:45 a.m. rendered the employee

unable to work that day.  Although artfully crafted, the court need not attempt to discuss whether

the second *Dunlop* factor is satisfied because S & B did not benefit from the time Griffin spent

traveling.  *See Bonilla*, 487 F.3d at 1344 (discussing that "necessity" is not the determining factor

under the Portal-to-Portal Act because, if it was, all commuting would be compensable as it is a

practical necessity for all workers to travel to their jobs).  Thus, the application of the *Dunlop*

factors does not render the travel time compensable.

### 4.     Overall Nature of the Travel Time

The court finds that principles deduced from the travel-time jurisprudence dictate that the

travel in the instant action is not compensable.  As discussed above, the mandatory nature of the

transportation and the restrictions on employees during travel do not to render the time

compensable.  In addition, the facts before the court can be distinguished from the line of cases

in which travel time was found to be compensable.  Courts finding time compensable have done

so when the travel occurred after the employees performed a principal activity, thus triggering the

start of the workday.  For example, time has been determined to be compensable when the

traveling occurred after employees met at a designated location to load equipment, pick up an

employer vehicle, receive instructions, or perform any activity that could transform the location

into a "job site."  *See Crenshaw v. Quarles Drilling Corp.*, 798 F.2d 1345, 1359 (10th Cir. 1986)

(traveling in specially equipped employer truck held compensable); *Spencer v. Auditor of Pub.*

20

*Accounts*, No. 90-5750, 1991 WL 32361, at *2-3 (6th Cir. Mar. 12, 1991) (holding that traveling from job site to job site is compensable, but not from job site back home and explaining that travel time is compensable only when coupled with some other indispensable activity). The sole purpose of Griffin and other S & B employees' meeting at the designated parking lot was to be transported to the Motiva facility. Griffin did not perform any activity at the lot that could trigger the start of the work day and, thus, transform subsequent travel time into a compensable activity. *See Johnson*, 554 F. Supp. 2d at 706 (distinguishing cases where employees were required to meet at a designated location to perform principal activities such as loading equipment from the facts before the court in which the employees met solely to travel to the worksite); *Smith*, 462 F.3d at 1288-89 (discussing the "whistle to whistle" rule and holding that it did not apply because the employees did not perform any activity that could be considered principal). Finally, once the employees boarded the bus, no tasks were required of them. The employees did not receive instructions, discuss work, prepare themselves or their equipment for the work that would be done at the Motiva facility, or engage in any other indispensable activity. Thus, Griffin and other employees' time spent on the bus is ordinary home-to-work travel and not compensable under the FLSA. *See Vega*, 36 F.3d at 425; *Bonilla*, 487 F.3d at 1343.

## IV.    Conclusion

For the foregoing reasons, Griffin's Motion for Partial Summary Judgment is DENIED, and S & B's Motion for Summary Judgment is GRANTED. Griffin fails to present a claim that warrants relief under the FLSA. There remain no material facts in dispute, and S & B is entitled to judgment as a matter of law.

SIGNED at Sherman, Texas, this 14th day of March, 2012.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

USCA5 967

**UNITED STATES DISTRICT COURT**                    **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JUSTIN GRIFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:11-CV-60 |
| | § | |
| S & B ENGINEERS AND | § | |
| CONSTRUCTORS, LTD., | § | |
| | § | |
| Defendant. | § | |

### FINAL JUDGMENT

In accordance with the court's Memorandum and Order signed March 14, 2012, summary judgment is granted in favor of Defendant S & B Engineers and Constructors, Ltd. with respect to Plaintiff Justin Griffin's action asserting claims under the Fair Labor Standards Act. Plaintiff shall take nothing by his suit. All other pending motions are denied as moot.

THIS IS A FINAL JUDGMENT.

SIGNED at Sherman, Texas, this 14th day of March, 2012.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JUSTIN GRIFFIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:11-cv-00060 |
| | § | |
| S & B ENGINEERS AND | § | |
| CONSTRUCTORS, LTD. | § | |

## NOTICE OF APPEAL

Notice is hereby given that JUSTIN GRIFFIN, Plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the 5th Circuit from the Final Judgment entered in this action on March 14, 2012.

Date:  April 10, 2012

/s/ John Werner
John Werner
Attorney for Plaintiff Justin Griffin
REAUD, MORGAN & QUINN, LLP
801 Laurel
P. O. Box 26005
Beaumont, TX   77720-6005
(409) 838-1000
Fax (409) 833-8236
jwerner@rmqlawfirm.com